[Civ. No. 16613.   First Dist., Div. One.   Mar. 28, 1956.]

ALVERTA GAMWELL, Respondent, v. KEY SYSTEM TRANSIT LINES (a Corporation), Appellant.

Stafford P. Buckley, Edward J. Rice and Donahue, Richards, Rowell & Gallagher for Appellant.

Smith & Parrish and George W. Hauer for Respondent.

BRAY, J.—Defendant appeals from a judgment of $7,500 awarded plaintiff by a jury in an action for personal injuries.

Defendant's contentions are (1) that as a matter of law the evidence is insufficient to support the verdict, and (2) that the doctrine of res ipsa loquitur could not apply because of allegations of the complaint.

## EVIDENCE

■ Taking the evidence and the reasonable inferences therefrom most strongly in favor of plaintiff, as we are required to do, the following is a summary of it. Plaintiff, a 77-year-old school teacher, was boarding one of defendant's buses. She had "both feet inside the bus" when, without any warning, the folding doors between which she was entering closed on her. "I was just clinched right there. I didn't know anything from then on until I found myself in the gutter." She explained "clinched" as meaning that she was struck by the doors. The next thing she knew she was being helped out of the gutter and taken into a nearby drug store where they put her in a chair. A man came up to her and asked what had happened to her. She answered "The bus driver closed the doors on me." The man said, "Well, I am the bus driver," and nothing more.

1. *Sufficiency of the Evidence.*

Defendant's brief is mainly made up of arguments why the evidence of defendant should be accepted rather than the testimony of plaintiff, which arguments would be of considerable value to a jury, but are of no value to an appellate court, which may not resolve conflicts in the evidence. Thus the fact that a woman passenger in the bus and the bus operator testified that no one was entering the bus when it started up and the doors closed, and in other respects contradicted plaintiff's version of the accident, did not dispel as a matter of law the inference of negligence deducible from plaintiff's own testimony. It was defendant's theory that plaintiff's injuries came from her falling against a hydrant on the sidewalk, although there was no direct evidence that she so fell. Defendant argues that the inference of negligence was dispelled by the physical facts. While that conclusion and its theory of the cause of plaintiff's injuries are reasonably deducible from the evidence, they are not compelled by the evidence. The conclusions of the jury are at least equally reasonable. We have studied the transcript

and conclude that while a finding to the contrary of that made by the jury would have been supported, the finding which the jury made is well supported and that this is purely a factual case in which the jury resolved, as it was its duty to do, the conflict in the evidence.

## 2. *Res Ipsa Loquitur.*

■ The complaint alleged that at the time plaintiff was entering defendant's bus, "the doors of said bus were so negligently maintained and operated by an employee" of defendant "as to cause the plaintiff to be caught in, thrown about and struck by said doors, causing her to be eventually thrown to the pavement" causing her to sustain certain injuries "as a result of negligence and carelessness" of defendant. In *Sherman* v. *Hartman,* 137 Cal.App.2d 589, 597-600 [290 P.2d 894], we pointed out that there had been considerable confusion in the cases as to what constitutes the pleading of special acts of negligence which would bar the application of the res ipsa loquitur doctrine. We reviewed many of the cases upon the subject, including *Leet* v. *Union Pac. R. Co.,* 25 Cal.2d 605 [155 P.2d 42, 158 A.L.R. 1008], which reviewed other cases, and· we concluded that in this state there has been a general liberalization of the tests for the application of the doctrine, and that regardless of whether .the complaint alleges general acts of negligence alone, general and specific acts of negligence, or even specific acts of negligence only, the doctrine may apply depending not upon the type of pleading but whether the allegations show that "the plaintiff knows the specific or underlying *cause* of the accident or is ignorant thereof." (P. 599; emphasis added.) If he knows such cause then the doctrine may not apply. Using such test here, it is obvious that the plaintiff has not alleged any knowledge of the specific acts of defendant's negligence which caused plaintiff "to be caught in, thrown about and struck by said doors . . ." There was nothing in the complaint which barred the application of the doctrine.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied April 27, 1954, and the opinion and judgment were modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied May 23, 1956.